# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

AARON WILLIAM FRANTZ,

      Plaintiff,

      v.

KINGSTON POLICE DEPT., et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-00402

(CAPUTO, J.)
(SAPORITO, M.J.)

## <u>REPORT AND RECOMMENDATION</u>

This is a *pro se* action for damages, asserting federal civil rights claims against the defendants, brought in this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. In his amended complaint, plaintiff Aaron William Frantz alleges that the various defendants violated his constitutional rights in connection with state criminal proceedings against him. For the reasons stated herein, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (ii).

## I.  BACKGROUND

This action was initiated when Frantz filed his original *pro se* complaint on February 25, 2015. (Doc. 1). On March 2, 2015, the Court ordered him to file an amended complaint because his original complaint failed to plead facts sufficient to show that his claim had substantive

plausibility. (Doc. 5). *See generally Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). On March 9, 2015, Frantz filed his amended complaint. (Doc. 6). On April 8, 2015, Frantz was granted leave to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. § 1915. (Doc. 8).

## II.   SECTION 1915(E)(2) STANDARD

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether it is frivolous, a court must "assess an *in forma pauperis* complaint from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). This statutory provision further permits a court, in its sound discretion "to dismiss an *in forma pauperis* claim if it determines that the

claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089; *see also Denton*, 504 U.S. at 33–34 ("[F]rivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition.").

The *in forma pauperis* statute further mandates that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in

the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

Frantz appears to have asserted his federal claims under 42 U.S.C. § 1983. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244– 46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). He has named the following defendants: (a) the Kingston Police Department; (b) Luzerne County; (c) the Luzerne County District Attorney's Office; (d) Detective Ed Palka; (e) Detective Richard Kotchick; (f) Officer John Anthony; (g) District Attorney Stefanie Salavantis; and (h) Assistant District Attorney Rebecca Reimiller. Frantz claims that these defendants violated various constitutional rights

in connection with unspecified state criminal proceedings.[1] In particular, he claims that he was held in pretrial custody on excessive bail, that his speedy trial rights were violated by the lapse of time between an initial arrest and his trial, that police secured his conviction by lying to the jury, that prosecutors failed to produce discovery materials until the day of his trial,[2] and that prosecutors failed to present the jury with evidence to

---

[1] Based on publicly available state court records, it appears that Frantz was convicted on various drug charges by a jury and sentenced by the Luzerne County Court of Common Pleas in April 2013 to serve a prison term, to be followed by a term of probation. *See Commonwealth v. Frantz*, Docket No. CP-40-CR-0002538-2012 (Luzerne County C.C.P.), *available at* https://ujsportal.pacourts.us/DocketSheets/CP.aspx. These state court proceedings are public records of which this Court may properly take judicial notice in dismissing an action as frivolous or for failure to state a claim. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972); *Castro v. United States*, 584 F. Supp. 252, 263 (D. Puerto Rico 1984); *Carter v. Telectron, Inc.*, 452 F. Supp. 944, 953 (S.D. Tex. 1977).

[2] The Court construes this as a *Brady* claim, alleging that the prosecution suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To the extent Frantz intends to argue that he was entitled at an earlier date to pretrial disclosure of evidence beyond exculpatory evidence, any such claim is necessarily based on state laws governing criminal procedure rather than his federal constitutional rights. *See generally Pennsylvania v. Ritchie*, 480 U.S. 39, 52–58 (1987) (no constitutional right to pretrial discovery under Confrontation Clause or

*(continued on next page)*

support a "drug-free school zone" mandatory minimum sentence, instead waiting to present it at the post-verdict sentencing phase.[3]

## A. Failure to State an Excessive Bail Claim

In his amended complaint, Frantz claims that the Kingston Police Department[4] lied to a state magisterial district judge at his bail hearing, characterizing Frantz as a "runner" (or flight risk). Other than this allegedly false testimony intended to influence the magisterial district judge's bail decision, no other culpable conduct by the defendants is alleged. But in Pennsylvania, it is a magisterial district judge, not the

---

Compulsory Process Clause, and federal constitutional right to pretrial discovery limited to *Brady* disclosure of exculpatory evidence under Due Process Clause).

[3] It is not clear, but Frantz also appears to suggest that he was questioned by police without the benefit of *Miranda* warnings. (Doc. 6, at 4 ("Another question[:] What happened to *Maranda*? [sic]")). Other than this ambiguous reference to the Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), however, the pleadings allege no facts whatsoever regarding any police interrogation or the use at trial of any self-incriminating statements obtained from Frantz in violation of *Miranda*. Absent such factual allegations, the Court declines to construe this vague statement as a Fifth Amendment *Miranda* claim. *See generally James v. York County Police Dep't*, 160 Fed. App'x 126, 133 (3d Cir. 2005) (per curiam) ("The Fifth Amendment protects against compelled self-incrimination. Therefore, [a plaintiff] cannot bring a claim pursuant to 42 U.S.C. § 1983 merely for being questioned before being provided with *Miranda* warnings.").

[4] Presumably through the testimony of a detective, officer, or other employee of the Kingston Police Department.

police, who sets bail for a criminal defendant. *See* Pa. R. Crim. P. 520; *see also* Pa. R. Crim. P. 103 (defining "Bail Authority"). Such police involvement— merely testifying at a bail hearing, even if the testimony is allegedly false—does not "'manipulate' or 'help to shape' or 'exercise significant influence over'" the state court judge's bail decision sufficient to state an Eighth Amendment excessive bail claim. *See James v. York County Police Dep't*, 160 Fed. App'x 126, 133 (3d Cir. 2005) (per curiam).

### B. All Other Claims Are Barred by *Heck v. Humphrey*

The rest of Frantz's claims seek damages for constitutional violations in connection with the criminal proceedings for which he was tried, convicted, and sentenced in 2013. Pursuant to the favorable termination rule articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 51 U.S. 477 (1994), these remaining claims are not cognizable under 42 U.S.C. § 1983.

In *Heck*, the Supreme Court held that, where judgment in favor of a plaintiff in a § 1983 action for damages would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence, the plaintiff must first demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486–87. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reaffirmed this rule and broadened it to encompass equitable remedies as well, holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter what the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

Frantz has failed to demonstrate that his conviction or sentence has been invalidated. Accordingly, under *Heck*, Frantz's federal civil rights claims against these defendants are not cognizable under 42 U.S.C. § 1983. *See Long v. Atlantic City Police Dep't*, 670 F.3d 436, 447–48 (3d Cir. 2012) (*Heck* barred claims of conspiracy to secure an erroneous conviction by use of perjury); *Humphries v. Houghton*, 442 Fed. App'x 626, 629 (3d Cir. 2011) (per curiam) ("[C]laims that defendants used perjury and false evidence to secure . . . conviction are not cognizable under Heck's favorable termination rule."); *Holmes v. Dreyer*, 431 Fed. App'x 69, 70–71 (3d Cir.

2011) (per curiam) (*Heck* barred claims of prosecutorial misconduct); *Kearney v. Wadsworth*, Civil No. 1:13-CV-1850, 2014 WL 1339665, at *8 (M.D. Pa. Apr. 3, 2014) (*Heck* barred claims that police committed perjury and withheld exculpatory evidence); *Davila v. Pennsylvania*, Civil No. 3:11-CV-01092, 2011 WL 7178689, at *5 (M.D. Pa. July 20, 2011) (*Heck* barred speedy trial claim), *adopted in part and rejected in part on other grounds*, 2012 WL 406985 (M.D. Pa. Feb. 8, 2012); *Kuniskas v. Walsh*, Civil Action No. 3:09-CV-120, 2010 WL 1390870, at *3 (M.D. Pa. Apr. 1, 2010) (Caputo, J.) (*Heck* barred claim that prosecution failed to produce exculpatory evidence); *von Schlichten v. County of Northampton*, Civil Action No. 06-1028, 2007 WL 2768853, at *3 (E.D. Pa. Sept. 20, 2007) (*Heck* barred speedy trial claim); *Asque v. Commonwealth Allegheny County*, Civil Action No. 07-294, 2007 WL 1247051, at *3 (W.D. Pa. Apr. 27, 2007) (*Heck* barred speedy trial claim). As such, these claims lack any arguable basis in law and should be dismissed as legally frivolous. *Saunders v. Bright*, 281 Fed. App'x 83, 85 (3d Cir. 2008) (per curiam); *Ruth v. Richard*, 139 Fed. App'x 470, 471 (3d Cir. 2005) (per curiam); *Boykin v. Siena House Gaudenzia Program*, 464 F. Supp. 2d 416, 424 (M.D. Pa. 2006).

## C. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, Frantz has already had an opportunity to amend the complaint to state a viable cause of action. Even after amendment, his excessive bail claim lacks merit, and the balance of his claims are legally frivolous. Dismissal without further leave to amend is recommended, as allowing Frantz leave to amend his pleadings for a second time would be futile.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The amended complaint (Doc. 6) be **DISMISSED** as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The Clerk be directed to **CLOSE** this case.

Dated: April 9, 2015                    *s/ Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

AARON WILLIAM FRANTZ,

     Plaintiff,

     v.

KINGSTON POLICE DEPT., et al.,

     Defendants.

CIVIL ACTION NO. 3:15-cv-00402

(CAPUTO, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated April 9, 2015. Any party may

obtain a review of the Report and Recommendation pursuant to Local Rule

72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or
> recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 9, 2015

***s/ Joseph F. Saporito, Jr***.
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge